UNITED STATES DISTRICT COURT RECEIVED
FOR THE MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

2005 AUG 19 P 1:38

| | |
|---|---|
| JAG, L.L.C., <br><br> Plaintiff, <br><br> versus <br><br> FIDELITY NATIONAL PROPERTY AND CASUALTY INSURANCE COMPANY; and Fictitious Defendants "A","B", and "C" <br><br> Defendants. | * <br> * <br> * <br> * <br> * <br> * <br> * CIVIL ACTION NO. 2:05 cv 795-A <br> * <br> * <br> * <br> * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## REMOVAL

NOW into Court comes Defendant, FIDELITY NATIONAL PROPERTY AND CASUALTY INSURANCE COMPANY ("FNPAC"), a Write-Your-Own ("WYO") Program carrier participating in the U.S. Government's National Flood Insurance Program ("NFIP") pursuant to the National Flood Insurance Act of 1968, as amended (the "NFIA")(42 U.S.C. § 4001 *et seq.*), appearing herein in its "fiduciary"[1] capacity as the "fiscal agent of the United States,"[2] which respectfully represents as follows:

1. On or about July 27, 2005, Plaintiff filed a lawsuit captioned "*Jag, L.L.C. v. Fidelity National Property and Casualty Insurance Company and Fictitious Defendants 'A', 'B', 'C',*" Case No.: CV-05-1891, in the Circuit Court of Montgomery County, State of Alabama. (See Plaintiffs' Complaint attached in its entirety hereto as part of **Exhibit "A".**)

---

[1] 44 C.F.R. §62.23(f).

[2] 42 U.S.C. §4071(a)(1); *Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir. 1998).

-1-

## FACTUAL ALLEGATIONS

2. Plaintiffs allege that their property located at 22862 Perdido Beach Blvd., Orange Beach, Alabama, was insured under a flood insurance policy, bearing no. 09 01987230 2004, issued by FNPAC. (Ex. A, Complaint, ¶4).

3. Plaintiffs allege that on or about September 16, 2004, the Plaintiffs' property was damaged by (wind and) flood as a result of Hurricane Ivan. (Ex. A, Complaint, ¶6).

4. Plaintiffs allege that FNPAC issued payment in the amount of $98,893.20 for the damages caused by flood, but this Defendant has refused to pay any additional benefits under the flood insurance contract. (Ex. A, Complaint, ¶7).

5. Plaintiff also alleges that FNPAC acted in bad faith by failing to pay and failing to investigate the loss. (Ex. A, Complaint, Count Two).

## THE CODIFIED STANDARD FLOOD INSURANCE POLICY

6. The insurance policy issued by FNPAC, policy no.09 01987230 2004, is a Standard Flood Insurance Policy ("SFIP"), which is a codified federal regulation found at 44 C.F.R. Part 61, Appendix A(1).

7. The SFIP is the only policy of flood insurance available in communities participating in the NFIP. *Garcia v. Omaha Prop. and Cas. Ins. Co.*, 933 F.Supp 1064, 1070 (S.D.Fla. 1995), *aff'd.* 95 F.3d 58 (11th Cir. 1995). (Note - There are three versions of the SFIP available: 44 C.F.R., Pt. 61, App. A(1) - the residential dwelling form (at issue at bar); 44 C.F.R, Pt. 61, App. A(2) - the general property form; and 44 C.F.R., Pt. 61, App. A(3) - the condominium form.)

8. The SFIP is incorporated into the Code of Federal Regulations by reference at 44 C.F.R. §61.13.

9. Further, FNPAC cannot waive, alter or amend any of the provisions of the SFIP. See 44 C.F.R. §61.13(d) and 44 C.F.R. Pt. 61, App. A(1), Art. VII(D).

10. Therefore, it is indisputable that the policy of flood insurance at issue is the Standard Flood Insurance Policy codified at 44 C.F.R. Pt. 61, App. A(1).

## U.S. TREASURY FUNDS ARE AT STAKE

11. All claim payments made by a WYO carrier, such as FNPAC, under an SFIP are made out of a segregated account containing U.S. Treasury funds, as required by 44 C.F.R. Part 62, App. A, Art. III.

12. The U.S. Fifth Circuit has held that "payments made pursuant to that policy are 'a direct charge on the public treasury.'" *Gowland*, 143 F.3d at 955, citing to *In re Estate of Lee*, 812 F.2d 253, 256 (5th Cir.1987).

13. The U.S. Eleventh Circuit analyzed what funds are at stake in the NFIP with regard to claims for interest in *Newton v. Capital Assur. Co., Inc.*, 245 F.3d 1306 (11th Cir. 2001)(*on rehearing*). The court noted that "claim payments come out of FEMA's pocket regardless of how they are paid." *Id.* at 1311.

14. Thus, the Plaintiff at bar is making a claim for U.S. Treasury funds under the SFIP issued to it by FNPAC.

## ORIGINAL EXCLUSIVE JURISDICTION

15. Upon disallowance of a flood claim, the insured may institute an action "in the United States district court for the district in which the insured property or the major part thereof shall have been situated, and original exclusive jurisdiction is hereby conferred upon such court to hear and determine such action without regard to the amount in controversy." 42 U.S.C. §4072.

16. Pursuant to 42 U.S.C. §4072, the United States District Court for the Southern District of Alabama, Southern Division, has "original exclusive" jurisdiction over all claims arising from such matters. See *Hairston v. Travelers Property & Casualty Ins. Co.,* 232 F.3d 1348, 1349-51 (11th Cir., 2000); *Van Holt v. Liberty Mutual,* 163 F.3d 161, 166 (3rd Cir. 1998)(on panel rehearing); and *Gibson v. American Bankers Ins. Co.,* 289 F.3d 943, 947 (6th Cir. 2002). This point has been crystallized in FEMA's "final rule" published in the Federal Register (65 Fed. Reg. 60758 - 01, published Oct. 12, 2000, effective as of 12/31/2000). That "final rule" states "that matters pertaining to the Standard Flood Insurance Policy, including issues relating to and arising out of claims handling, must be heard in Federal court and are governed exclusively by Federal Law." (*65 Fed. Reg. 34824, 34827 (May 31, 2000)). See *Flick v. Liberty Mutual Fire Ins. Co.,* 205 F.3d 386, FN4 (9th Cir., 2000) *cert. denied* 121 S.Ct. 305 (2000); and *Battle v. Seibels Bruce Ins. Co., et al.,* 288 F.3d 596 (4th Cir. 2002). See also 44 C.F.R. 61, Appendix A(1), Article IX and Article VII(R).

17. However, the *Federal Rules of Civil Procedure* governing removal of cases from state court to federal court only allow for the removal of cases to the United States District Court encompassing the state district court where the original lawsuit was filed. Since the lawsuit was filed originally in the Circuit Court of Montgomery County, pursuant to the dictates of 28 U.S.C. 1441(a), Defendant must remove this

matter from the Circuit Court of Montgomery County to the United States District Court for the Middle District of Alabama, Northern Division, and not to the United States District Court for the Southern District of Alabama, Southern Division. Please note that filed contemporaneously with this Removal is Defendant's Motion to Transfer Venue to the United States District Court for the Southern District of Alabama, Southern Division, based upon the grant of "original exclusive" jurisdiction found in 42 U.S.C. §4072.

## FEDERAL QUESTION JURISDICTION

18. Claims paid under a SFIP are paid for with U.S. Treasury funds, and therefore, the Appropriations Clause of the U.S. Constitution controls and requires that the terms for payment of U.S. Treasury funds be strictly construed and enforced. See *Gowland, supra* at 953. As per the terms of the SFIP, "this policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. § 4001, et seq.), and federal common law."

19. As the SFIP is a codified federal regulation, the interpretation and coverages thereunder raise numerous federal questions. *Jamal v. Travelers*, 97 F.Supp.2d 800, 805 (S.D. Tex. 2000). In order to determine what, if any, additional benefits the Plaintiff is entitled to receive, the Court will necessarily have to interpret the SFIP and other federal laws, regulations, and statutes.

20. The U.S. Eleventh Circuit has squarely concluded that §1331 conveys jurisdiction over cases involving WYO carriers as part of the NFIP in both *Hairston* and *Newton*. 232 F.3d at 1350 and 245 F.3d at 1309, respectively. See also, *Battle v. Seibels Bruce Ins. Co., et al.*, 288 F.3d 596, 599 (4th Cir., 2002).

21. Therefore, as a separate basis for removal, there is federal question jurisdiction under 28 U.S.C. §1331, and the case is therefore also removable pursuant to 28 U.S.C. §1441(a), (b) and (c).

## DIVERSITY JURISDICTION

22. FNPAC is a foreign corporation doing business in Alabama.[3] Plaintiff is a domestic corporation with its principal place of business located in Baldwin County, Alabama.[4] Upon information and belief, the amount in controversy sought by the Plaintiff under the SFIP exceeds $75,000.00 exclusive of interest and costs.[5] As such, the parties are completely diverse, and therefore diversity jurisdiction exists pursuant to 28 U.S.C. §1332. As such, this is a separate jurisdictional basis, and removal is proper pursuant to 28 U.S.C. § 1441 (a),(b) and (c).

## NO CONCURRENT JURISDICTION

23. There is no concurrent subject matter jurisdiction in state courts. See *McCormick v. Travelers*, 103 Cal.Rptr. 2d 258 (C.D. Cal. 2001); *Jamal*, 97 F.Supp.2d. at 804 (*citing to an affidavit from the Texas Insurance Commissioner's Office stating that the Texas Insurance Code and the Texas Department of Insurance do not regulate or control the WYO Carrier's actions in participating in the NFIP), and *Seibels Bruce v. Deville Condominium Assoc.*,786 So.2d 616 (Fla. App. 4/26/2001). See also *Battle, supra*, (wherein the 4th Circuit vacated an order remanding the case to state court) and *James*

---

[3] See Plaintiff's Complaint at ¶2.

[4] See Plaintiff's Complaint at ¶1.

[5] See Plaintiff's Complaint at ¶¶4, 6, and 7 where Plaintiff pleads that its policy limits is $250,000, its claim under the SFIP was for policy limits, and it received payment of $98,893.20 from FNPAC.

*v. Auto Owners Insurance Co.*, 1998 WL 914241 (S.D.Ga.1998) wherein the court succinctly explained the effect of filing a state court action under a NFIP policy, stating:

> James's case therefore faces dismissal. The result would be the same even were the Court to apply § 9-2-61. Suppose she filed her case in her kitchen drawer, rather than in State court, within the policy's one-year period? Obviously it would not have tolled the limitations period. Yet filing it in State court is analytically no different. The policy (and § 4072) said federal, not State court, so it does not matter where James filed her lawsuit once she concedes she did not file it in federal court within the one-year period.

*James v. Auto Owners Insurance Co., supra*, at p. 2.

## SUMMARY ON JURISDICTION

24. Based upon the above, FNPAC contends that federal court jurisdiction over flood claims is conveyed pursuant to 42 U.S.C. §4072 (original exclusive) which is the subject of FNPAC's Motion to Transfer filed contemporaneously with the Court. This Court has jurisdiction as per 28 U.S.C. §1331 (federal question) and 28 U.S.C. §1332 (diversity).

25. Accordingly, pursuant to 42 U.S.C. §4072, 28 U.S.C. §1331, 28 U.S.C. §1332, and by operation of 28 U.S.C. §1441 (a), (b) and (c), Defendant FNPAC now removes Case No. CV-05-1891, in the Circuit Court of Montgomery County, State of Alabama, to this Honorable Court. This Court also has supplemental jurisdiction over any (if viable) state law based claims pursuant to 28 U.S.C. §1367.

## VENUE

26. Under normal lines of insurance, venue is proper in this district because the United States District Court for the Middle District of Alabama, Northern Division, encompasses Montgomery County. 28 U.S.C. §1391(c). However, venue is not proper in this district pursuant to 28 U.S.C. §1391(b); 42 U.S.C. §4072; and Article VII(R) of the SFIP itself which states that "you must file suit in the United States

District Court of the district in which the insured property was located at the time of the loss." See 44 C.F.R. Pt.61, App. A(1), Article VII(R). The insured property at issue is located in Baldwin County and the United States District Court for the Southern District of Alabama, Southern Division, is the correct venue in this matter. As stated, filed contemporaneously with this removal is FNPAC's Motion to Transfer to the United States District Court for the Southern District of Alabama, Southern Division, pursuant to 28 U.S.C. §1404.

## SUMMONS AND SERVICE

27. Summons was issued on August 5, 2005. (Exhibit "A"). This lawsuit was served upon Defendant FNPAC by certified U.S. mail, dated August 5, 2005, which was received by the FNPAC on August 9, 2005. (Exhibit "A").

28. This Notice of Removal is "filed within the thirty days after receipt by the defendant," as required by 28 U.S.C. §1446(b), and it is therefore timely.

29. Pursuant to 28 U.S.C. §1446(a), attached hereto as part of Exhibit "A" is a copy of all processes, pleadings, and orders served upon the Defendant to date.

WHEREFORE, Defendant, Fidelity National Property Insurance Company, prays that this Notice of Removal will be deemed good and sufficient, and that proceedings attached hereto be removed from the Circuit Court of Montgomery County, Alabama, to this Honorable Court's docket.

Respectfully submitted,

_____
CARROLL H. SULLIVAN (SULLC8646)
Attorney for Defendant Fidelity National Property
and Casualty Insurance Company

**OF COUNSEL:**
SCOTT, SULLIVAN, STREETMAN & FOX, P.C.
Post Office Box 1034
Mobile, Alabama 36633
Telephone: (251) 433-1346
Facsimile: (251) 433-1086
csullivan@scottsullivanlaw.com

*and*

GERALD J. NIELSEN (La. Bar No. 17078)
WILLIAM T. TREAS (La. Bar No. 26537)
NIELSEN LAW FIRM, L.L.C.
Three Lakeway
3838 N. Causeway Blvd., Suite 2850
Metairie, Louisiana 70002
Telephone: (504) 837-2500
Facsimile: (504)-832-9165
Attorneys for Defendant Fidelity National Property
and Casualty Insurance Company

**CERTIFICATE OF SERVICE**

I hereby certify that I have on this 19th day of August 2005, served a copy of the foregoing upon all counsel of record listed below via U.S. mail:

Jere L. Beasley, Esq.
W. Daniel "Dee" Miles III, Esq.
Christopher E. Sanspree, Esq.
Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
Post Office Box 4160
Montgomery, Alabama 36103-4160

_____
OF COUNSEL

EXHIBITS

TO THIS DOCUMENT

ARE NOT SCANNED.

THEY ARE FILED

IN CONVENTIONAL FORMAT

AND AVAILABLE FOR VIEWING

IN THE CLERK'S OFFICE.