UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

RECEIVED
2005 AUG 19 P 1: 38

| | | |
|---|---|---|
| JAG, L.L.C., | * | |
| Plaintiff, | * | |
| versus | * | |
| FIDELITY NATIONAL PROPERTY AND CASUALTY INSURANCE COMPANY; and Fictitious Defendants "A","B", and "C" | * | CIVIL ACTION NO. 2:05CV795-A |
| Defendants. | * | |

**************************************************************************

## ANSWER AND AFFIRMATIVE DEFENSES

NOW INTO COURT, through undersigned counsel, comes Defendant, FIDELITY NATIONAL PROPERTY AND CASUALTY INSURANCE COMPANY ("FNPAC"), which appears as a Write-Your-Own (WYO) Program Carrier participating in the United States Government's National Flood Insurance Program (NFIP), pursuant to the National Flood Insurance Act of 1968 (NFIA), as amended,[1] appearing herein in its "fiduciary"[2] capacity as the "fiscal agent of the United States,"[3] and files the following Answer and Affirmative Defenses. FNPAC respectfully avers as follows:

1.

The allegations contained in paragraph 1 of the Plaintiff's Complaint require no answer of this Defendant.

---

[1] 42 U.S.C. §4001, *et seq.*

[2] 44 C.F.R. Pt. 62.23(f).

[3] 42 U.S.C. § 4071(a)(1); *Gowland v. Aetna,* 143 F.3d 951, 953 (5th Cir.1998).

1

2.

The allegations contained in paragraph 2 of the Plaintiff's Complaint are denied as written. However, FNPAC admits that it is a duly authorized foreign corporation doing business as a WYO carrier in the State of Alabama in the U.S. Government's National Flood Insurance Program, pursuant to the National Flood Insurance Act of 1968, as amended. See 42 U.S.C. § 4001, *et seq.*

3.

The allegations contained in paragraph 3 of the Plaintiff's Complaint require no answer of this defendant. However, FNPAC submits that the "fictitious" parties should be stricken from the instant litigation.

4.

The allegations contained in paragraph 4 of the Plaintiff's Complaint are admitted to the extent that FNPAC issued a Standard Flood Insurance Policy ("SFIP"), bearing policy no.99019872302004, to the Plaintiff for the premises located at 22862 Perdido Beach Boulevard, Orange Beach, Alabama, with policy limits of $250,000 for the structure and $50,000 for the contents therein. All other allegations are denied as written.

5.

The allegations contained in paragraph 5 of the Plaintiff's Complaint are admitted.

6.

The allegations contained in paragraph 6 of the Plaintiff's Complaint are admitted only to the extent that Hurricane Ivan passed the vicinity on or about September 16, 2004, resulting some damages caused directly by or from flood. All other allegations are denied.

7.

The allegations contained in paragraph 7 of the Plaintiff's Complaint are admitted in part and denied in part. FNPAC admits that it issued payment to the insured in the amount of $98,893.20 for damages covered under the SFIP. All remaining allegations are denied.

8.

The allegations contained in paragraph 8 of the Plaintiff's Complaint are denied. Answering further, FNPAC actually makes a 3.3% commission on the amount of money properly paid under the SFIP. See 44 C.F.R. Pt. 62, App. A, Art. III(C)(1). Thus, FNPAC has no incentive whatsoever to "lowball" payment under the SFIP.

9.

The allegations contained in paragraph 9 of the Plaintiff's Complaint are denied for the same reasons set forth in paragraphs 1 through 8 above.

10.

The allegations contained in paragraph 10 of the Plaintiff's Complaint are denied. Answering further, FNPAC denies that Plaintiff is entitled to any of the relief sought following paragraph 10.

11.

The allegations contained in paragraph 15 of the Plaintiffs' Complaint are denied for the same reasons set forth in paragraphs 1 through 10 above.[4]

---

[4] It is noted that the Plaintiff's Complaint does not contain any paragraphs number 11, 12, 13, or 14. Plaintiff's Complaint skips these numbers in numbering its paragraphs.

12.

The allegations contained in paragraph 16 of the Plaintiffs' Complaint are denied. Answering further, claims for breach of good faith in the handling of flood loss claim are barred and preempted under federal constitutional, statutory, and regulatory law as well as federal caselaw.

13.

The allegations contained in paragraph 17 of the Plaintiff's Complaint are denied.

14.

The allegations contained in paragraph 18 of the Plaintiff's Complaint are denied.

15.

Defendant denies that the Plaintiff is entitled to any of the relief sought in the prayer for relief following paragraph 18. Answering further, Defendant FNPAC contends that punitive damages are preempted and barred by federal law and that jury trials are inapplicable to WYO carriers.

AND NOW COMES Defendant, Fidelity National Property and Casualty Insurance Company, which asserts the following affirmative Defenses:

### FIRST DEFENSE

Plaintiff's claim against FNPAC fails to state a claim for which this Honorable Court may grant relief. Plaintiff has no right and no cause of action against FNPAC in this case. Defendant reserves the right to assert all motions and issues covered by F.R.C.P. Rule 12(b).

### SECOND DEFENSE

Claims payments pursuant to the Flood Program are paid out of the U.S. Treasury. See 44 C.F.R. §62.23(i)(1) and (6), and 44 C.F.R. Pt. 62, App. A, Art. II(F) and Art. III(C) and (D). The Appropriations, Commerce, and Supremacy Clauses of the U.S. Constitution and the Separation of Powers Doctrine prohibit the award of any U.S. Treasury funds to the Plaintiff in this case.

### THIRD DEFENSE

The Flood Policy, which is codified at 44 C.F.R. Pt.61, App. A(1) Article VII(R), states that the insured may not file suit unless "all the requirements of this policy shall have been complied with." In the case at bar, Plaintiff has failed to meet the necessary conditions precedent for payment of its claim as found in Article VII(R) of the SFIP.

### FOURTH DEFENSE

The Standard Flood Insurance Policy only pays for "direct physical loss by or from flood," and then only to the extent as allowed by the terms of the Standard Flood Insurance Policy itself, as allowed by the terms of the National Flood Insurance Act of 1968 ("NFIA"), and as per the controlling caselaw.

### FIFTH DEFENSE

FNPAC is a signatory to the NFIA, and applicable federal regulations in Title 44 of the Code of Federal Regulations, Subchapter B, and as authorized by the Federal Insurance Administration to issue the SFIP on behalf of the federal government under FNPAC's logo. FNPAC agrees to issue these policies and at the same time agrees to abide by all the rules and regulations promulgated by the Federal Insurance and Mitigation Administration ("FIMA") and FEMA. FNPAC does not have the authority to change, alter, or interpret the underwriting or claims guidelines of the Flood Program. The FIMA and FEMA are the sole authorities.

## SIXTH DEFENSE

The question of whether Plaintiff is entitled to anything under its flood policy, and if so how much, is strictly governed by the policy's declarations page, and all of the policy's terms and conditions as set forth in the SFIP which is set forth at 44 C.F.R. P.t 61, App. A(1), together with all applicable provisions of the Code of Federal Regulations as well as the NFIA itself.

## SEVENTH DEFENSE

The SFIP in question in this lawsuit was written by the United States Government (not FNPAC), pursuant to 42 U.S.C. §4013, and may be found in its entirety at 44 C.F.R. Pt. 61, App. A(1). As the federal government is the ultimate underwriter of the National Flood Insurance Program, it has been determined that federal (not state) law governs all claims regarding the SFIP. See Article IX of the SFIP.

## EIGHTH DEFENSE

All state law based extra-contractual claims are preempted and barred by federal constitutional, regulatory, and statutory law. See *West v. Harris*, 573 F.2d 873, 880-881 (5th Cir. 1978), *cert. den.*, 440 U.S. 946, 99 S.Ct. 1424, 59 L.Ed.2d 635 (1979) and its progeny; See also *House v. Bankers*, 43 F.Supp.2d 1329, 1331-32 (M.D.Fla. 1999) and *Friedman v. South Carolina Ins. Co.*, 855 F.Supp. 348, 350-351 (M.D.Fla.1994). In addition, the States do not have the right or authority to regulate the U.S. Governments's flood insurance program operated and funded with U.S. Treasury funds. See the McCarren-Ferguson Act, 15 U.S.C. §1011, *et seq.*, specifically 15 U.S.C. §1012(b). Accordingly, FNPAC requests that this Court dismiss Plaintiff's claims for extra-contractual state-law-based remedies

to the extent it regards Plaintiff's SFIP, as said claims fail to state a claim upon which relief may be granted.

### NINTH DEFENSE

FNPAC has absolutely no reason to act in bad faith or in a deceptive or unfair manner, as it receives a 3.3% commission for every dollar paid to an insured under an SFIP. 44 C.F.R. Part 62, App. A, Art. III(C)(1). In other words, the greater the amount paid to an insured under an SFIP, the higher the fee FNPAC will receive from the federal Government for handling the claim. See *Eddins v. Omega Ins. Co.*, 825 F.Supp. 752 (N.D.Miss. 1993). The rules of strict construction govern the actions of all parties to this transaction, as U.S. Treasury funds are at stake.

### TENTH DEFENSE

The provisions of the Flood Policy, as an insurance policy issued pursuant to a federal program, must be strictly interpreted and construed. *Gowland v. Aetna*, 143 F.3d 951 (5th Cir. 1998); *Federal Crop Ins. Corp. v. Merrill*, 332 U.S. 380 (1947); and *Office of Personnel Management v. Richmond*, 496 U.S. 414 (1990). Thus, strict compliance with said provisions are required of all parties.

### ELEVENTH DEFENSE

Because claims payments pursuant to the Flood Program are paid out of the U.S. Treasury, any claims for prejudgment interest or post-judgment interest are barred by federal law. The "No Interest Rule" prohibits such a prejudgment interest award as a direct charge on the U.S. Treasury. *Newton v. Capital Assur. Co., Inc.*, 245 F.3d 1306, 1312 (11th Cir. 2001)(on panel rehearing); See also *In re Estate of Lee v. NFIP*, 812 F.2d 253, 256 (5th Cir. 1987) and *Sandia Oil Co., Inc. v. Beckton*, 889 F.2d 258 (10th Cir. 1989).

## TWELFTH DEFENSE

Pursuant to the Flood Policy, coverage is not afforded for any consequential damages, including but not limited to: loss of use of the insured property or premises; loss of access to the insured property or premises; loss of profits, loss resulting from interruption of business, profession, or manufacture; additional living expenses incurred while the insured building is being repaired or is uninhabitable for any reason; any increased cost of repair or reconstruction as a result of any ordinance regulating reconstruction or repair except as provided in the Flood Policy; and any costs of testing such as for mold, etc.

## THIRTEENTH DEFENSE

No part, provision, or requirement of the SFIP may be waived, altered, or amended by Defendant. No action taken by Defendant can constitute a waiver of any of its rights. As a matter of law, the only authority who may make any type of waiver or amendment to the SFIP is the Federal Insurance Administrator, and this must be done in writing. See 44 C.F.R. Pt. 61, App. A(1), Art. VII(D) and 44 C.F.R. §61.13(d). To date, no evidence of any such waiver has been presented to Defendant.

## FOURTEENTH DEFENSE

Plaintiff cannot reserve greater rights to itself under its SFIP than the controlling federal law allows.

## FIFTEENTH DEFENSE

If there was no meeting of the minds between the parties as to the object to be insured, then the Flood Policy is void and any amounts already paid to the insured must be refunded by the insured.

## SIXTEENTH DEFENSE

8

Defendant asserts Article VII(J)(7) and VII(J)(8) of the Standard Flood Insurance Policy as affirmative defenses. The independent insurance adjuster is provided to the insured as a "courtesy only," and it is the responsibility of the insured to submit the proof of loss statement within 60 days after the loss even if the adjuster does not provide the form or assist. Further, the adjuster is not authorized to approve or disapprove claims or tell the insureds whether a particular claim will be approved.

### SEVENTEENTH DEFENSE

Plaintiff is liable for its own negligence or failure to mitigate damages, and cannot recover for such actions or failure to act. Defendant is entitled to an off-set in any award based upon the Plaintiff's share of fault.

### EIGHTEENTH DEFENSE

No supplemental claims may be made under the NFIP. *Dogwood Grocery, Inc. v. South Carolina Ins. Co.*, 49 F.Supp.2d 511 (W.D.La. 1999); *Ambassador Beach Condominium Ass'n v. Omaha Property and Casualty Ins. Co.*, 2001 WL 322196 (N.D.Fla. Jan. 24, 2001).

### NINETEENTH DEFENSE

All persons are charged with the knowledge of the published federal laws and what is required of them by such laws. Because the Plaintiff's Flood Policy is codified federal law (44 C.F.R. Pt. 61, App. A(1)), Plaintiff is charged with the provisions and the requirements of the Flood Policy. *Merrill v. Federal Crop Ins. Corp.*, 332 U.S. at 384-85; *Heckler v. Community Health Services of Crawford County, Inc.*, 104 S.Ct. 2218 (1984). Accordingly, failure to comply with the provisions of the Flood Policy and Code of Federal Regulations is solely the responsibility of the Plaintiff. Therefore, FNPAC is in no way liable for the actions or inactions taken by the Plaintiff or its agents in the instant matter.

## TWENTIETH DEFENSE

In an abundance of caution, FNPAC asserts Article IV and V of the SFIP and all their subparts as affirmative defenses.

## TWENTY-FIRST DEFENSE

There are no oral binders in reference to the National Flood Insurance Program. See 44 C.F.R. §61.13(e).

## TWENTY-SECOND DEFENSE

In an abundance of caution, FNPAC pleads Article III(A) and (B) of the SFIP and all sub-parts therein as affirmative defenses.

## TWENTY-THIRD DEFENSE

Defendant contends that demand for trial by jury against the WYO Carrier is not available under the National Flood Insurance Program, and it intends to contest same. The Seventh Amendment does not attach and Congress did not grant the right to a jury trial.

## TWENTY-FOURTH DEFENSE

Representations regarding the extent and scope of coverage that are inconsistent with the terms of the Standard Flood Insurance Policy are void as a matter of federal law, and the independent insurance agent acts as the agent of the insured, not the Write-Your-Own Carrier. See 44 C.F.R. §61.5(e).

## TWENTY-FIFTH DEFENSE

If it is determined that wind or windstorm caused and/or contributed to any damages in the case at bar, the burden is on the Plaintiff to present proof that the damages under the Standard Flood Insurance Policy were caused directly by or from flood, under the doctrine of concurrent causations.

### TWENTY-SIXTH DEFENSE

The WYO Carrier reserves the right to invoke Article VII(P) of the Standard Flood Insurance Policy should it be determined that the scope of coverage is not at issue and Plaintiff is only contesting the quantum of the damages caused directly by or from flood is at issue.

### TWENTY-SEVENTH DEFENSE

The Flood Policy limits liability with respect to other policies of insurance, such as the policy issued by the Plaintiff's homeowner's policy. If a loss covered by the Flood Policy is also covered by other insurance whether collectible or not, FNPAC will pay only the proportion of the loss that the limit of liability that applies under the Flood Policy bears to the total amount of insurance covering the loss, as per Art. VII(C).

### TWENTY-EIGHTH DEFENSE

The flood policy is not a valued policy. See 44 C.F.R. Pt. 61, App. A(1), Article II(28).

### TWENTY-NINTH DEFENSE

FNPAC asserts Article III, Coverage D, as an affirmative defense in this matter.

### THIRTIETH DEFENSE

There is no timely submitted, signed and sworn Proof of Loss in support of any amount of damages claimed meeting the requirements of Article VII(J)(4) of the Standard Flood Insurance Policy. Defendant asserts that there has been no compliance by the Plaintiff with either the terms and conditions of Article

VII(J) of the Standard Flood Insurance Policy at issue in this proceeding or with the terms of the waiver as granted by the Federal Insurance Administrator regarding the Proof of Loss. As such Plaintiff has not complied with all the terms and conditions for bringing this lawsuit as required by Article VII(R) of the SFIP.

### THIRTY-FIRST DEFENSE

Some of the damages complained of are excluded pursuant to 44 C.F.R. Pt. 61, App. A(1), Art. V(D)(8), as coverage is not provided for direct physical loss caused directly or indirectly by theft, fire, explosion, wind or windstorm.

### THIRTY-SECOND DEFENSE

Article VII(J)(9) is limited to claims valued at $7,500 or less. Plaintiffs' claim exceeds that amount.

### THIRTY-THIRD DEFENSE

In an abundance of caution, Defendant asserts the following defense: Pursuant to 44 C.F.R. Pt. 61, App. A(1), Art. VII(K), the insured was required to show Defendant or its representative the damaged property, submit to an examination under oath, and/or permit the insurer to examine and make extracts or copies of designated materials. If the Plaintiff has failed to cooperate, it has thus breached the policy of insurance. Failure to comply with these provisions of the Flood Policy shall bar Plaintiff's recovery. See *Durkin v. State Farm Mut. Ins. Co.*, 3 F.Supp.2d 724, 728 (E.D.La. 1997), *aff'd.* 141 F.3d 1163 (5th Cir. 1997).

Pursuant to Article 9K(1) of the SFIP, Defendant specifically requests, in writing, a complete inventory of the destroyed, damaged and undamaged property, including details as to quantities, costs, actual cash values or replacement cost (whichever is appropriate), amounts of loss claimed, and any written

plans and specifications for repair of the damaged property. Defendant reserves the right to exercise its options under Article 9K(2) of the Policy at a later date.

### THIRTY-FOURTH DEFENSE

Pursuant to 44 C.F.R, Pt. 61, App. A(1), Art. VII(V), if the is insured for less than 80% of the replacement cost of the dwelling or if the insured premises is not the primary residence of the Plaintiff (i.e., at least 80% of one calender year immediately preceding the loss), then only actual cash value, not replacement cost value, is available for any loss sustained.

### RESERVATION OF RIGHTS

To the extent permitted by law, Defendant reserves its right to supplement and amend this Answer and to assert additional Affirmative Defenses as future discovery may warrant and require.

WHEREFORE, Defendant, Fidelity National Property and Casualty Insurance Company, prays that after all due proceedings are had, that there be judgment herein in favor of Defendant and against Plaintiffs dismissing all claims against FNPAC with prejudice, and at the Plaintiff's costs.

Dated: August ___, 2005.

Respectfully submitted,

_____
CARROLL H. SULLIVAN (SULLC8646)
Attorney for Defendant Fidelity National Property
and Casualty Insurance Company

**OF COUNSEL:**
SCOTT, SULLIVAN, STREETMAN & FOX, P.C.
Post Office Box 1034
Mobile, Alabama 36633
Telephone: (251) 433-1346
Facsimile: (251) 433-1086
csullivan@scottsullivanlaw.com

*and*

GERALD J. NIELSEN (La. Bar No. 17078)
WILLIAM T. TREAS (La. Bar No. 26537)
NIELSEN LAW FIRM, L.L.C.
Three Lakeway
3838 N. Causeway Blvd., Suite 2850
Metairie, Louisiana 70002
Telephone: (504) 837-2500
Facsimile: (504)-832-9165
Attorneys for Defendant Fidelity National Property
and Casualty Insurance Company

**CERTIFICATE OF SERVICE**

I hereby certify that I have on this __ day of August 2005, served a copy of the foregoing upon all counsel of record listed below via U.S. mail:

Jere L. Beasley, Esq.
W. Daniel "Dee" Miles III, Esq.
Christopher E. Sanspree, Esq.
Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
Post Office Box 4160
Montgomery, Alabama 36103-4160

_____
OF COUNSEL