UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

RECEIVED
2005 AUG 19 P 1:38

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT OF AL.

JAG, L.L.C.,     *
    *
    Plaintiff,     *
    *
versus     *
    *    CIVIL ACTION NO. 2:05cv795A
FIDELITY NATIONAL PROPERTY AND     *
CASUALTY INSURANCE COMPANY;     *
and Fictitious Defendants "A","B", and "C"     *
    *
    Defendants.

## MOTION TO TRANSFER VENUE AND MOTION TO TAX COSTS AND ATTORNEY'S FEES PURSUANT TO 28 U.S.C.§1927

COMES NOW DEFENDANT, FIDELITY NATIONAL PROPERTY AND CASUALTY INSURANCE COMPANY ("FNPAC"), a Write-Your-Own ("WYO") carrier participating in the U.S. Government's National Flood Insurance Program (the "NFIP") pursuant to the National Flood Insurance Act of 1968, as amended (the "NFIA" - see 42 U.S.C. § 4001 *et seq.*), appearing herein in its "fiduciary"[1] capacity as the "fiscal agent of the United States,"[2] and files this Motion to Transfer Venue from the United States District Court for the Middle District of Alabama, Northern Division, to the United States District Court for the Southern District of Alabama, Southern Division, for the reasons that follows:

---

[1] 44 C.F.R. Pt. 62.23(f)

[2] 42 U.S.C. §4071(a)(1); *Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir. 1998).

Plaintiff is suing under a Standard Flood Insurance Policy (SFIP) issued by FNPAC in its capacity as a Write-Your-Own carrier. The SFIP at issue is codified federal law and can be found at 44 C.F.R. Pt. 61, App. A(1). The insured property at issue in this case is located in Orange Beach, Alabama, which is in Baldwin County (not Montgomery).

Pursuant to the grant of jurisdiction found at 42 U.S.C. § 4072, "original exclusive" jurisdiction over disputes arising under a Standard Flood Insurance Policy lies with the United States District Courts encompassing the insured property at the time of the loss. In the instant dispute, Baldwin County is encompassed in the United States District Court for the Southern District of Alabama, Southern Division. Therefore, pursuant to 42 U.S.C. § 4072, "original exclusive" subject matter jurisdiction lies with the United States District Court for the Southern District of Alabama, Southern Division, not the United States District Court for the Middle District of Alabama, Northern Division.

However, the Fed.R.Civ.P. only allows for removal of a lawsuit from state court into the United States District Court encompassing the part of the state in which the original lawsuit was filed. 28 U.S.C. § 1441. Therefore, Defendant has filed a Notice of Removal from the Circuit Court in Montgomery County to the United States District Court for the Middle District of Alabama, Northern Division. Defendant now files for a transfer of this case pursuant to 28 U.S.C. § 1404 based upon the fact that "original exclusive" jurisdiction lies with the United States District Court for the Southern District of Alabama, Southern Division, pursuant to 42 U.S.C. § 4072.

Plaintiff was on notice of the requirement to file this case in the United States District Court for the Southern District of Alabama, Southern Division, by virtue of an already pending lawsuit by this same Plaintiff against FNPAC in the United States District Court for the Southern District of Alabama, Southern

Division, for the same hurricane but for a different piece of property.[3] In addition, since the SFIP is itself a codified federal law, and all persons are charged with knowledge of the published federal laws, Plaintiffs knew that the instant lawsuit should have been filed in federal court where the property is located. Furthermore, there is a specific forum provision found in the policy itself at Article VII(R).[4] Said provision provides that any lawsuit must be filed in the United States District Court for the district encompassing the insured property at the date of loss.

Defendant also notes that because U.S. Treasury funds are at stake as the Plaintiff seeks further U.S. Treasury benefits under its SFIP, the Appropriations and Supremacy Clauses of the U.S. Constitution require that the Congressional mandates for payment of U.S. Treasury funds be strictly construed and enforced. In the instant matter, Defendant respectfully submits that the only court with any ability to award any further U.S. Treasury benefits to the Plaintiff is the U.S. District Court for the Southern District of Alabama, Southern Division. Therefore it is in the interest of justice for this Honorable Court to transfer this case from its docket to the docket of the U.S. District Court for the Southern District of Alabama, Southern Division.

Furthermore, Plaintiff knew that the lawsuit must be filed in federal court because of a lawsuit already pending. As such, the action has needlessly increased the costs of litigation and Defendant moves for an award of costs and attorney's fees pursuant to 28 U.S.C. §1927.

---

[3] The other lawsuit is entitled "*Jag, L.L.C. v. Fidelity National Property and Casualty Insurance Company*," Docket No.05-CV-00004-P-L.

[4] See 44 C.F.R. Pt. 61, App. A(1), Article VII(R).

WHEREFORE, Defendant, Fidelity National Property and Casualty Insurance Company, prays that this Honorable Court will issue an Order transferring this case to the United States District Court for the Southern District of Alabama, Southern Division, based upon the grant of "original exclusive" jurisdiction found at 42 U.S.C. § 4072 for the reasons set forth in greater detail in the accompanying memorandum in support of the instant motion.

Dated this the 19th day of August, 2005.

Respectfully submitted,

_____
CARROLL H. SULLIVAN (SULLC8646)
Attorney for Defendant Fidelity National Property
and Casualty Insurance Company

**OF COUNSEL:**
SCOTT, SULLIVAN, STREETMAN & FOX, P.C.
Post Office Box 1034
Mobile, Alabama 36633
Telephone: (251) 433-1346
Facsimile: (251) 433-1086
csullivan@scottsullivanlaw.com

*and*

GERALD J. NIELSEN (La. Bar No. 17078)
WILLIAM T. TREAS (La. Bar No. 26537)
NIELSEN LAW FIRM, L.L.C.
Three Lakeway
3838 N. Causeway Blvd., Suite 2850
Metairie, Louisiana 70002
Telephone: (504) 837-2500
Facsimile: (504)-832-9165
Attorneys for Defendant Fidelity National Property
and Casualty Insurance Company

4

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 18th day of August 2005, served a copy of the foregoing upon all counsel of record listed below via U.S. mail:

Jere L. Beasley, Esq.
W. Daniel "Dee" Miles III, Esq.
Christopher E. Sanspree, Esq.
Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
Post Office Box 4160
Montgomery, Alabama 36103-4160

_____
OF COUNSEL