UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

RECEIVED
2005 AUG 19 P 1:38

| | |
|---|---|
| JAG, L.L.C., | * |
| | * |
| Plaintiff, | * |
| | * |
| versus | * |
| | * |
| FIDELITY NATIONAL PROPERTY AND | * CIVIL ACTION NO. 2:05cv795-A |
| CASUALTY INSURANCE COMPANY; | * |
| and Fictitious Defendants "A","B", and "C" | * |
| | * |
| Defendants. | * |

**MEMORANDUM IN SUPPORT OF MOTION TO TRANSFER VENUE
AND FOR AN AWARD OF COSTS AND ATTORNEY'S FEES
PURSUANT TO 28 U.S.C.§1927**

MAY IT PLEASE THE COURT:

FIDELITY NATIONAL PROPERTY AND CASUALTY INSURANCE COMPANY ("FNPAC"), a Write-Your-Own ("WYO") carrier participating in the U.S. Government's National Flood Insurance Program (the "NFIP") pursuant to the National Flood Insurance Act of 1968, as amended (the "NFIA" - see 42 U.S.C. § 4001 *et seq.*), appearing herein in its "fiduciary"[5] capacity as the "fiscal agent of the United States,"[6] and moves this Honorable Court to issue an Order transferring this matter to the United States District Court for the Southern District of Alabama, Southern Division, for the following reasons:

---

[5] 44 C.F.R. Pt. 62.23(f)

[6] 42 U.S.C. §4071(a)(1); *Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir. 1998).

2

Plaintiff is suing FNPAC under a Standard Flood Insurance Policy (SFIP) issued by FNPAC in its capacity as a Write-Your-Own carrier, disputing the adjustment of the claim and the amount that was paid to the Plaintiff under its policy. See Plaintiff's Complaint attached as Exhibit "1". The Standard Flood Insurance Policy at issue is a codified federal law and can be found at 44 C.F.R. Pt. 61, App. A(1). The insured property at issue in this case is located in Orange Beach, Alabama,[7] which is in Baldwin County (not Montgomery County where the Plaintiff's lawsuit was originally filed and from which it was removed by FNPAC).

The jurisdictional statute of the NFIA is found at 42 U.S.C. §4072, which provides as follows:

> **§ 4072. Adjustment and payment of claims; judicial review; limitations; jurisdiction**
>
> > In the event the program is carried out as provided in section 4071 of this title, the Director shall be authorized to adjust and make payment of any claims for proved and approved losses covered by flood insurance, and upon the disallowance by the Director of any such claim, or upon the refusal of the claimant to accept the amount allowed upon any such claim, the claimant, within one year after the date of mailing of notice of disallowance or partial disallowance by the Director, may institute an action against the Director on such claim **in the United States district court for the district in which the insured property or the major part thereof shall have been situated, and original exclusive jurisdiction is hereby conferred upon such court to hear and determine such action without regard to the amount in controversy.**

(Emphasis added).

Pursuant to the grant of jurisdiction found at 42 U.S.C. § 4072, "original exclusive" jurisdiction over disputes arising under Standard Flood Insurance Policies lie with the United States District Courts encompassing the insured property at the time of the loss. *Newton v. Capital Assur. Co., Inc.*, 245 F.3d

---

[7] See Plaintiff's Complaint at ¶6 (Ex.1).

3

1306, 1308-09 (11th Cir. 2001); *Hairston v. Travelers Property & Casualty Ins. Co.*, 232 F.3d 1348, 1349-51 (11th Cir., 2000); and *Van Holt v. Liberty Mutual Ins. Co.*, 163 F.3d 161 (3rd Cir., 1998)(on panel rehearing). See also the ruling in *Raulerson v. Auto-Owners Ins.Co.*, Civil Action No.99-0688-P-M (12/28/99) from the U.S. District Court for the Southern District of Alabama, Southern Division, attached as Exhibit "2". In the instant dispute, Baldwin County is encompassed in the United States District Court for the Southern District of Alabama, Southern Division. Therefore, pursuant to 42 U.S.C. § 4072, "original exclusive" subject matter jurisdiction lies in the United States District Court for the Southern District of Alabama, <u>not</u> the United States District Court for the Middle District of Alabama, Northern Division.

The Federal Rules of Civil Procedure only allow for removal of a lawsuit from state court into the United States District Court encompassing the part of the state in which the original lawsuit was filed. 28 U.S.C. § 1441. Defendant now files for a transfer of this case pursuant to 28 U.S.C. § 1404 based upon the fact that "original exclusive" jurisdiction to adjudicate the Plaintiff's claim for further U.S. Treasury benefits pursuant to the Plaintiff's SFIP lies with the United States District Court for the Southern District of Alabama, Southern Division.[8] 28 U.S.C. §1404 provides in part as follows:

> **§ 1404. Change of venue**
>
> (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

---

[8] See *Newton v. Capital Assurance Corp.*, 245 F.3d 1306, 1312 (11th Cir.,2001)(which held that claims under an SFIP are paid <u>directly</u> with U.S. Treasury funds, not the funds of the WYO carrier such as FNPAC)

(b) Upon motion, consent or stipulation of all parties, any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district. Transfer of proceedings in rem brought by or on behalf of the United States may be transferred under this section without the consent of the United States where all other parties request transfer.

(c) A district court may order any civil action to be tried at any place within the division in which it is pending.

(d) As used in this section, the term "district court" includes the District Court of Guam, the District Court for the Northern Mariana Islands, and the District Court of the Virgin Islands, and the term "district" includes the territorial jurisdiction of each such court.

Defendant respectfully submits that while the Plaintiff can seek to have a declaration of its rights under the federal law issued by this Honorable Court, pursuant to a federal statute, the only court which could award the Plaintiff any further sums of U.S. Treasury funds would be the United States District Court for the Southern District of Alabama, Southern Division. Therefore, Defendant respectfully submits that it is in the interests of justice to transfer this case to the U.S. District Court for the Southern District of Alabama, Southern Division, pursuant to 28 U.S.C. §1404(a).

Because it is the funds of the U.S. Treasury, not FNPAC's own funds, that are used to pay the claims under the SFIP (see the U.S. 11th Circuit's rulings in *Newton, supra*), the Appropriations Clause of the U.S. Constitution mandates that the requirements for payment of U.S. Treasury funds be strictly construed and enforced. See also *Sanz v. U.S. Security Ins. Co.*, 328 F.3d 1314, 1318 (11th Cir.2003); *Gowland, supra*; *Flick v. Liberty Mutual Ins. Co.*, 205 F.3d 386 (9th Cir., 2000), *cert. denied*, 531 U.S. 927, 121 S.Ct. 305 (2000), citing to *Office of Personnel Management v. Richmond*, 496 U.S. 414, 110 S.Ct. 2465 (1990). As Congress granted "original exclusive" jurisdiction to "the United States

5

district court for the district in which the insured property or the major part thereof shall have been situated" over such claims, and as the insured property was located in Baldwin County which falls within the territory of the U.S. District Court for the Southern District of Alabama, Southern Division, Defendant submits that the only court that has the power to award further U.S. Treasury benefits to the Plaintiff under the SFIP is the Southern District.

Plaintiff was clearly on notice of the requirement to file this case in federal court and in the Southern District of Alabama. Said Standard Flood Insurance Policy is itself a codified federal law, and all persons are charged with knowledge of the published federal laws. *Federal Crop Ins. Corp. v. Merrill*, 68 S.Ct. 1 (1947); and *Heckler v. Community Health Services*, 104 S.Ct. 2218 (1984). Furthermore, there is a specific forum provision found in the policy itself at Article VII(R). See 44 C.F.R. Pt. 61, App. A(1), Article VII(R), which reads as follows:

> **R. Suit Against Us**
>
> You may not sue us to recover money under this policy unless you have complied with all the requirements of the policy. If you do sue, you must start the suit within one year of the date of the written denial of all or part of the claim, and **you must file the suit in the United States District Court of the district in which the insured property was located at the time of loss. This requirement applies to any claim that you may have under this policy and to any dispute that you may have arising out of the handling of any claim under the policy.**

(Emphasis added). Said provision provides that any lawsuit must be filed in the United States District Court for the district encompassing the insured property at the date of loss.[9] Furthermore, Plaintiff is charged with knowing the terms of the published federal laws (see *Federal Crop Insurance Corp. v. Merrill*, 332 U.S.

---

[9] Defendant is not arguing that jurisdiction can be created by contract. Rather, Article VII(R) of the SFIP puts the insured on notice of the requirements of 42 U.S.C. §4072.

6

380, 68 S.Ct. 1 (1947)), and the Plaintiff has an affirmative duty to familiarize itself with the terms of the SFIP. See *Heckler v. Community Health Services of Crawford County, Inc.,* 467 U.S. 51, 104 S.Ct. 2218, 81 L.Ed.2d 42 (1984) (participants in federal programs have a specific duty to "familiarize" themselves with the provisions of those programs).

It is noted to the Court that this particular Plaintiff was specifically and inexcusably aware of the "original exclusive" jurisdiction set forth in 42 U.S.C. § 4072. On December 6, 2004, this same Plaintiff, Jag, L.L.C., filed suit against FNPAC seeking additional benefits under its SFIP in the Circuit Court of Baldwin County (Docket No.CV-04-1378) for property located at 22862 Perdido Beach Blvd, Orange Beach, Alabama for a different building.[10] FNPAC removed the case on January 4, 2005, to federal court pursuant to 42 U.S.C. § 4072 and 28 U.S.C.§1331.[11] That case is currently being litigated before the Honorable Virgil Pittman in Docket No.05-CV-00004-P-L. During the litigation of the already pending lawsuit in Southern District, counsel for the Plaintiff made FNPAC aware of the other property (which is the subject of the instant motion) and requested additional review of the flood claim.

After determining that no additional benefits were owed under the flood policy, counsel for FNPAC offered to the Plaintiff's counsel the opportunity to amend its Complaint in the already existing lawsuit to add the other building and flood policy since the parties were the same and the date of loss (Hurricane Ivan) were the same even though the time to amend had run according to the Rule 16

---

[10] The Plaintiff's Complaint filed in Baldwin County is attached as Exhibit "3". Please note that the properties at issue have the same address, however, after conferring with counsel for Jag, L.L.C., the buildings are located right next to each other on the beach. A careful review of the Complaints indicate that the buildings have different SFIP policy numbers.

[11] See Notice of Removal filed with the Southern District Alabama attached as Exhibit "4".

7

Scheduling Order.[12] Instead of amending its Complaint or filing another lawsuit in the proper federal court (Southern District), Plaintiff instead improperly filed suit in state court in Montgomery County. This forum shopping and deliberate filing in a court of incompetent jurisdiction (according to 42 U.S.C. 4072) is completely improper and a waste of judicial economy. FNPAC seeks its costs and attorney fees pursuant to 28 U.S.C. §1927 for having to remove and transfer this matter.

WHEREFORE the Defendant, Fidelity National Property and Casualty Insurance Company, prays that this Honorable Court will issue an Order transferring this case from its docket to the docket of the United States District Court for the Southern District of Alabama, Southern Division. Defendant also prays that this Court award costs and attorney fees for having to file this instant motion and removal. A proposed Order is attached herewith for this Honorable Court's consideration.

Respectfully submitted,

_____
CARROLL H. SULLIVAN (SULLC8646)
Attorney for Defendant Fidelity National Property and Casualty Insurance Company

**OF COUNSEL:**
SCOTT, SULLIVAN, STREETMAN & FOX, P.C.
Post Office Box 1034
Mobile, Alabama 36633
Telephone: (251) 433-1346
Facsimile:  (251) 433-1086
csullivan@scottsullivanlaw.com

---

[12] See correspondence via e-mail between counsel dated July 14 and 28 attached as Exhibits "5" and "6".

*and*

> GERALD J. NIELSEN (La. Bar No. 17078)
> WILLIAM T. TREAS (La. Bar No. 26537)
> NIELSEN LAW FIRM, L.L.C.
> Three Lakeway
> 3838 N. Causeway Blvd., Suite 2850
> Metairie, Louisiana 70002
> Telephone: (504) 837-2500
> Facsimile: (504)-832-9165
> Attorneys for Defendant Fidelity National Property
> and Casualty Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify that I have on this ___ day of August 2005, served a copy of the foregoing upon all counsel of record listed below via U.S. mail:

Jere L. Beasley, Esq.
W. Daniel "Dee" Miles III, Esq.
Christopher E. Sanspree, Esq.
Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
Post Office Box 4160
Montgomery, Alabama 36103-4160

_____
OF COUNSEL

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| JAG, L.L.C., | * |
| | * |
| Plaintiff, | * |
| | * |
| versus | * |
| | * |
| FIDELITY NATIONAL PROPERTY AND | *   CIVIL ACTION NO. _____ |
| CASUALTY INSURANCE COMPANY; | * |
| and Fictitious Defendants "A","B", and "C" | * |
| | * |
| Defendants. | * |

**************************************************************************

## ORDER

Considering the Motion to Transfer Venue and Motion to Tax Costs and Attorney's Fees as submitted by Fidelity National Property and Casualty Insurance Company:

IT IS HEREBY ORDERED that Defendant's Motion to Transfer Venue is GRANTED, and this case is hereby transferred to the United States District Court for the Southern District of Alabama, Southern Division.

IT IS ALSO HEREBY ORDERED that Defendant's Motion to Tax Costs and Attorney's Fees is GRANTED. The Court finds that pursuant to 28 U.S.C.§1927, Defendant is awarded costs and reasonable attorney's fees.

Done and Signed this _____ day of _____, 2005, in _____, Alabama.

_____
JUDGE