IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MYRA S. RAULERSON, )
    Plaintiff, )
 )
vs. ) CIVIL ACTION NO. 99-0688-P-M
 )
AUTO OWNERS INSURANCE )
COMPANY, et al., )
 )
    Defendants. )

### ORDER DENYING REMAND

Pending before this court is plaintiff Myra S. Raulerson's Motion To Remand this action to the Circuit Court of Baldwin County, Alabama (doc. 6); defendant Auto Owners Insurance Company's ("Owners") Memorandum In Opposition To Plaintiff's Motion to Remand (docs. 8, 9) and Owners' Request For Oral Argument (doc. 7). After careful review of the court file and all relevant matter, the court finds that plaintiff's motion is due to be denied.[1]

Plaintiff filed suit on June 20, 1999, in the Circuit Court of Baldwin County, Alabama, against defendants, Owners, a corporation located in Lansing, Michigan, and JRH Insurance Services, Inc. ("JRH"), located in Baldwin County, Alabama. Plaintiff alleges that on July 15, 1994, defendants issued a flood insurance policy for coverage of her home. The policy describes plaintiff's home as consisting of two floors with no basement, a single family residence, non-elevated. JRH provided all documents and information pertaining to coverage. Plaintiff made timely premium payments. On October 5, 1995, Hurricane Opal struck and caused flooding to

---

[1] For the reasons set forth herein, Owners' request for oral argument is DENIED.



plaintiff's home; a claim was made and defendants paid. On Sept. 27, 1998, plaintiff's home was again damaged, this time by Hurricane Georges. Plaintiff submitted a claim. On Dec. 7, 1998 plaintiff was notified by Owners that the subject structure was considered "an elevated post-firm building" and all items below the lowest elevated floor were not covered; Owners denied plaintiff's claim (doc. 1-Complaint, p.3, ¶14). Plaintiff seeks damages for breach of contract by defendant Owners for flood insurance coverage; negligence by defendants, Owners and JRH, in that they failed to properly underwrite the policy and to properly evaluate the risk; and misrepresentation by defendants, Owners and JRH, that the policy covered flood damage to plaintiff's home (doc. 1-Complaint).

Pursuant to 28 U.S.C. § 1441(a)(b) and (c), Owners removed plaintiff's state court action on July 26, 1999, under the National Flood Insurance Act, 42 U.S.C. § 4001, et seq. Owners asserts there is federal jurisdiction to hear this matter pursuant to § 1331, and § 1367.[2] Plaintiff seeks remand.[3]

---

[2] Defendant JRH has not joined in the removal action. Although failure of all defendants to join is usually a bar to removal, if one of the defendant's removal petition is premised on a removable claim "separate and independent" from the claims brought against the other defendant, consent of the other defendant is not required. See Henry v. Independent American Savings Assoc., 857 F.2d 995, 999 (5th Cir. 1988). This court finds that plaintiff's breach of contract claim against Owners is independent of the tort claims of negligence and misrepresentation raised against JRH and Owners.

[3] Plaintiff relies on Peter L. Mulry et al. v. Omaha Property and Casualty Insurance Co., et al., C.A. 96-0573-RV-S (S.D.Ala. Feb. 27, 1997) (remanding to the Mobile County Circuit Court). However, this court's docket reflects that subsequent thereto, after Omaha inundated the court with post-remand requests for a stay, reconsideration, and rescission of the remand order, on March 20, 1997, United States District Judge Richard Vollmer issued notice that the court lacked jurisdiction and authority to formally reconsider the remand. Notwithstanding, this court notes that Judge Vollmer added: "If this were a typical order where the court retained jurisdiction over the action, the court would choose to exercise its authority to enter a stay of the order, reconsider the order, and then rescind it. For Omaha's fifth brief... on the subject of remand,

2

>The National Flood Insurance Act authorizes:
>
>a flood insurance program by means of which flood insurance, over a period of time, can be made available on a nationwide basis through the cooperative efforts of the Federal Government and the private insurance industry, and... provide[s] flexibility in the program so that such flood insurance may be based on workable methods of pooling risks, minimizing costs, and distributing burdens equitably among those who will be protected by flood insurance and the general public.

42 U.S.C. § 4001(d); West v. Harris, 573 F.2d 873, 880 (5th Cir. 1978), cert. denied, 440 U.S. 946 (1979) (involving the interpretation of insurance contracts). By its enactment in 1968, Congress sought to alleviate the economic hardships caused by unforeseen flood disasters. See § 4001; Powers v. United States, 996 F.2d 1121, 1126 (11th Cir. 1993) (motion to dismiss claim that Government negligently failed to publicize the availability of federally subsidized flood insurance); Wright v. Director, FEMA, 913 F.2d 1566, 1568 (11th Cir. 1990) (challenge to the denial of coverage).

The National Flood Insurance Act made flood insurance available through the National Flood Insurance Program ("NFIP") "with large-scale participation by the federal government and carried out to the maximum extent practicable by the private insurance industry.... Besides making insurance available in high-risk, high-rate areas, the Act also contemplates a unified national program for flood-plain management in order to reduce or avoid future flood losses." West, 573 F.2d at 880; see Hairston, et al. v. Travelers Casualty & Surety Company, No. 4:98-CV-0313-HLM, *3 (N.D.Ga. May 12, 1999) (motion to dismiss pursuant to 28 U.S.C. § 4072 granted - claim barred by one year statute of limitation), appeal pending, No. 99-11417 (11th Cir.) (scheduled for oral argument on January 14, 2000).

---

submitted thirteen days after entry of the remand order, persuades the court that a denial of the motion to remand would be appropriate." 96-0573-RV-S (doc. 27, p.2-3, footnote omitted).

3

In 1979, the Federal Emergency Management Agency ("FEMA") assumed principal responsibility for the NFIP. Gowland v. Aetna, 143 F.3d 951, 953 (5th Cir. 1998); Parsons Footwear, Inc. v. Omaha Property and Casualty Co., 19 F.Supp.2d 588, 589 (N.D.Va. Sept. 16, 1998); Garcia v. Omaha Property and Casualty Insurance Co., 933 F.Supp. 1064, 1067 (S.D.Fla. Jun. 22, 1995), aff'd, 95 F.3d 58 (11th Cir. 1996) (Table). Pursuant to regulation, FEMA has delegated the authority to issue flood insurance policies to private insurers known as "Write Your Own" companies ("WYOs"). Parsons, 19 F.Supp.2d at 589 (citing 44 C.F.R. § 61.13(f)); Garcia, 933 F.Supp. at 1067.

The terms and conditions of all federal flood insurance policies are fixed by FEMA. The policies "must be issued in the form of a Standard Flood Insurance Policy [("SFIP")] and no provision of the policy can be altered, varied, or waived without the express written consent of the Federal Insurance Administrator." Gowland, at 953 (citing 44 C.F.R. §§ 61.4(b), 61.13(d)); Parsons, 19 F.Supp.2d at 590. The provisions of a SFIP issued pursuant to the NFIP "must be strictly construed and enforced." Id; Parsons, 19 F.Supp.2d at 591.

WYOs "issue the SFIPs in their names, collect the premiums in segregated accounts, pay any claims and make necessary refunds under the policy.... WYOs receive compensation from the federal government for any claim exceeding funds available in the account by drawing on FEMA letters of credit.... As provided by 44 C.F.R. § 61.13(d), WYOs are authorized to collect flood insurance premiums, but may not alter any SFIP provision designated by FEMA." Parsons, 19 F.Supp.2d at 589-90; see Hairston, No. 4:98-CV-0313-HLM, *4. "By regulation a WYO shall arrange for the adjustment, settlement, payment and defense of all claims arising from policies of flood insurance it issues under the [NFIP], based on the terms and conditions of the [SFIP]."

Carneiro Da Cunha v. Standard Fire Insurance Co./Aetna Flood Insurance Program, 129 F.3d 581, 584 (11th Cir. 1997) (citing, 44 C.F.R. § 62.23(d)) (summary judgment pertaining to contract interpretation). WYOs are fiscal agents of the United States and claims paid under the WYO policies are paid out of the federal treasury. § 4071; Gowland, 143 F.3d at 953; Parsons, 19 F.Supp.2d at 590.

The National Flood Insurance Act confers upon federal district courts "original exclusive" jurisdiction over disputes for breach of contract claims under the NFIP. §§ 4053 and 4072; Froehlich v. Catawba Insurance Co., 10 F.Supp.2d 597, 599 (W.D.Va. Jun. 18, 1998) (motion to remand denied). Owners asserts federal jurisdiction under § 4072.

Section 4072 provides:

> [T]he Director shall be authorized to adjust and make payment of any claims for proved and approved losses covered by flood insurance, and upon the disallowance by the Director of any such claim, or upon the refusal of the claimant to accept the amount allowed upon any such claim, the claimant, within one year after the date of mailing of notice of disallowance or partial disallowance by the Director, may institute an action against the Director on such claim in the United States district court for the district in which the insured property or the may part thereof shall have been situated, and _original exclusive jurisdiction is hereby conferred upon such court to hear and determine such action without regard to the amount in controversy._

§ 4072 (emphasis added); Parsons, 19 F.Supp.2d at 591; see Hairston, No. 4:98-CV-0313-HLM, *5.[4]

---

[4] Section 4053 provides:

> The insurance companies and other insurers which form, associate, or otherwise join together in the pool under this part... may adjust and pay all claims for proved and approved losses covered by flood insurance in accordance with the provisions of this title and, upon the disallowance by any such company or other insurer of any such claim, or upon the refusal of the claimant to accept the amount allowed upon any such claim, the claimant, within one year after the date of mailing of

5

The Eleventh Circuit has recognized and noted "original exclusive" federal jurisdiction in matters pertaining to the NFIP. See Carneiro Da Cunha, 129 F.3d at 584 (Policies issued under the NFIP "are contracts" and as such, "the standard policies issued under the [NFIP] are governed by federal law..." ); Wright, 913 F.2d at 1570-71 ("FEMA's administration of the insurance program does nothing to alter the status of the policies as insurance contracts  As contracts, the standard policies issued under the [NFIP] are governed by federal law, see West, 573 F.2d 873, 880-881 ."); Williams Farms of Homestead, Inc. v. Rain and Hail Insurance Services, Inc., 121 F.3d 630, 634-35 (11th Cir. 1997) (addressing claims made for crop damage following Hurricane Andrew)[5]; Jenkins v. United States Dept. of Housing & Urban Development, 780 F.2d 1549, 1550, n.2 (11th Cir. 1986) ("Jurisdiction is based on  § 4072, which authorizes suit in federal district court upon disallowance of a claim filed under the [NFIP].")

In addressing the question of federal jurisdiction and SFIPs issued in conjunction with the NFIP, the Fourth Circuit has held that "[f]ederal common law controls the interpretation of

---

> notice of disallowance or partial disallowance of the claim, may institute an action on such claim against such company or other insurer in the United States district court for the district in which the insured property or the major part thereof shall have been situated, and *original exclusive jurisdiction is hereby conferred upon such court to hear and determine such action without regard to the amount in controversy.*

§ 4053 (emphasis added). In 1983, Congress expressly amended §§ 4053 and 4072, inserting "original exclusive" immediately preceding "jurisdiction." See History: Ancillary Laws and Directives.

[5] In Williams, the Eleventh Circuit noted, in connection with the Federal Insurance Crop Act (FCIA), 7 U.S.C. § 1501, et seq., that "the FCIA provisions... are barren of language regarding suits against private insurance companies.... These provisions do not grant district courts federal question jurisdiction over such suits.... Congress could have made provision for such things, as it did when it launched the [NFIP]..., 42 U.S.C. § 4001-4129...." 121 F.3d at 634-35.

6

insurance policies issued pursuant to the [NFIP]." Leland v. Federal Insurance Administrator, 934 F.2d 524, 529 (4th Cir. 1991); Parsons, 19 F.Supp.3d at 590. Pertinent thereto, the Sixth Circuit has noted: "[W]e are in accord with the holdings of several other courts of appeals that federal common and statutory law preempts state principles of contracts law for purposes of the interpretation of NFIP policies,..." Berger v. Pierce, 933 F.2d 393, 397 (6th Cir. 1991) (citing, Sodowski v. National Flood Ins. Program, 834 F.2d 653, 655 (7th Cir. 1987), cert. denied, 486 U.S. 1043 (1988); Atlas Pallet, Inc. v. Gallagher, 725 F.2d 131,135 (1st Cir. 1984); and West, 573 F.2d 873). In West, the Fifth Circuit noted with regard to applicable substantive law, that

> [s]ince the flood insurance program is a child of Congress, conceived to achieve policies which are national in scope, and since the federal government participates extensively in the program both in a supervisory capacity and financially, it is clear that the interest in uniformity of decision present in this case mandates the application of federal law.

Id. 573 F.2d at 881. The West case is binding on this court.[6]

Herein, as noted, plaintiff raises a breach of contract claim (Count One) against Owners arising out of denied flood insurance coverage, as well as state claims, i.e., negligence and misrepresentation, against JRH and Owners. Owners contends, and plaintiff does not dispute, that the flood insurance policy at issue is a SFIP governed by the National Flood Insurance Act under the NFIP. Further, defendant contends, and plaintiff does not dispute, that any damages which may be found to be due plaintiff would be paid out of the federal treasury. As such, this court finds that it has original exclusive federal jurisdiction pursuant to 28 U.S.C. § 1331 and § 1367, under 42 U.S.C. § 4072, if not § 4053, together with the Fifth Circuit's precedent, West

---

[6] Bonner v. City of Prichard, 661 F.2d 1706 (11th Cir. 1981) (The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

v. Harris, 573 F.2d 873, to hear and address the claims raised herein.

Accordingly, it is ORDERED that plaintiff's Motion To Remand is hereby DENIED.

DONE this 28 day of December, 1999.

                                                SENIOR UNITED STATES DISTRICT JUDGE