## IN THE CIRCUIT COURT OF
## BALDWIN COUNTY, ALABAMA

CIRCUIT COURT
BALDWIN COUNTY, AL
FILED

DEC 0 6 2004

JODY W. CAMPBELL
CIRCUIT CLERK

| | |
|---|---|
| JAG, L.L.C.; | * |
| | * |
| Plaintiffs, | * |
| | * |
| vs. | *     CIVIL ACTION NO. CV-04 - 1378 |
| | * |
| ALABAMA INSURANCE | * |
| UNDERWRITING ASSOCIATION; | * |
| FIDELITY NATIONAL PROPERTY | * |
| AND CASUALTY INSURANCE | * |
| COMPANY; | * |
| And Fictitious Defendants | * |
| "A", "B", and "C", whether singular | * |
| or plural, those other persons, | * |
| corporations, firms or other entities | * |
| whose wrongful conduct caused | * |
| or contributed to cause the injuries | * |
| and damages to the Plaintiff, all of | * |
| whose true and correct names are | * |
| unknown to Plaintiff at this time, | * |
| but will be added by amendment | * |
| when ascertained, | * |
| | * |
| Defendants. | * |

## COMPLAINT

## STATEMENT OF THE PARTIES

1.    Plaintiff JAG, L.L.C., is a domestic corporation with its principle place of business located in Baldwin County, Alabama.

2.    Defendant Alabama Insurance Underwriting Association (hereinafter referred to as "AIUA") is a domestic corporation with its principle place of business located in Baldwin County, Alabama.



3.   Defendant Fidelity National Property and Casual Insurance Company (hereinafter referred to as "Fidelity") is a foreign corporation doing business by agent in Baldwin County, Alabama.

4.   Fictitious Defendants "A", "B", and "C" whether singular or plural, are those other persons, firms, corporations, or other entities whose wrongful conduct caused or contributed to cause the injuries and damages to the Plaintiff, all of whose true and correct names are unknown to Plaintiff at this time, but will be substituted by amendment when ascertained.

## STATEMENT OF THE FACTS

5.   At all times material hereto, Plaintiff JAG had/has a homeowner's insurance policy/contract (Policy Number: 18078-03) with Defendant AIUA that provided/provides coverage for Plaintiff JAG's property located at 22862 Perdido Beach Boulevard, Orange Beach, Alabama, in the event the aforesaid property ever suffered damage/loss, including damage caused to said property by wind, in exchange for Plaintiff JAG's timely premium payments. Said homeowner's insurance policy provided/provides coverage for the aforesaid property up to $300,000 for structural damage and up to $50,000.00 for personal property and/or contents damage/loss, but excluded/excludes damage caused by flood.

6.   At all times material hereto, Plaintiff JAG had/has a homeowner's flood insurance policy/contract with Defendant Fidelity (Policy Number 01 7700575492 00) that provided/provides coverage for Plaintiff JAG's property located at 22862 Perdido Beach Boulevard, Orange Beach, Alabama, in the event the aforesaid property ever suffered damage caused by flood, in exchange for Plaintiff JAG's timely premium payments. Said homeowner's flood insurance policy provided/provides coverage for the aforesaid property up to $250,000 for the dwelling and up to $50,000 for personal property.

2

7.    At all times material hereto, Plaintiff JAG made the necessary premium payments to keep the aforesaid said policies of insurance in force.

8.    On or about September 16, 2004, as a result of Hurricane Ivan, Plaintiff's property located at 22862 Perdido Beach Boulevard, Orange Beach, Alabama, sustained wind and flood damage and is a total loss.  Plaintiff subsequently filed a claim for policy limits under both the AIUA and Fidelity policies referenced above.

9.    On or about November 17, 2004, Defendant Fidelity issued Plaintiff JAG a check in the amount of $12,417.12 for full and final settlement for the aforesaid claim and has refused to pay any additional benefits that are due under its insurance contract with Plaintiff JAG.

10.    At all times material hereto, Defendant AIUA has refused to pay any benefits whatsoever to Plaintiff JAG under its insurance contract with the same by asserting that the damage caused to the aforesaid property was caused by flood, not wind.

11.    At all times material hereto, Defendant AIUA and Defendant Fidelity have attempted to strong arm Plaintiff JAG into accepting Defendant Fidelity's "low ball" payment for full and final settlement of the aforesaid claim.

## COUNT ONE – BREACH OF CONTRACT

12.    Plaintiff incorporates paragraphs 1-11 as paragraph 12 of Count One.

13.    Both Defendants Fidelity and AIUA had homeowner's insurance policy contracts with the Plaintiff in which the Defendants accepted insurance premium payments from the latter in consideration for the promise to pay coverage to the Plaintiff if the covered property sustained damage by either wind or flood.

14.    The Defendants accepted premium payments from the Plaintiff from policy inception until the date of loss.  The Plaintiff fully performed its end of the contractual agreements.

3

15.   The Defendants failed to pay the coverages as stated in the contractual agreements as set forth above.

16.   The Defendants failure to pay coverage consistent with the terms of their contractual agreement with the Plaintiff was a breach of the aforesaid contract, for which the Plaintiff is entitled a recovery as owner of the Policies referenced above.

17.   Plaintiff has not been provided coverage as promised in the aforesaid contracts and has been injured by the aforesaid breaches.

WHEREFORE, Plaintiff demands judgment against Defendants in such an amount of compensatory damages as a jury deems reasonable and may award, plus costs.

## COUNT TWO – BAD FAITH FAILURE TO PAY

18.   Plaintiffs reallege all prior paragraphs of the Complaint as if set out here in full.

19.   At all material times herein, Defendants were under a duty to use good faith in handling Plaintiff's claim.

20.   Defendants intentionally, and in bad-faith, failed and refused to pay the proper benefits due under the above stated policies of insurance.

21.   As a proximate consequence, Plaintiff was injured and/or damaged as set forth above.

WHEREFORE, Plaintiff demands judgment against Defendants in such an amount of compensatory and punitive damages as a jury deems reasonable, and may award, plus costs.

## COUNT THREE - BAD FAITH FAILURE TO INVESTIGATE

22.   Plaintiffs reallege all prior paragraphs of the Complaint as if set out here in full.

23.   Defendants intentionally, and in bad faith, failed to fully and properly investigate Plaintiff's claim for benefits under the aforesaid policies of insurance.

24.   As a proximate consequence, Plaintiffs was injured and/or damaged.

4

WHEREFORE, Plaintiff demands judgment against Defendants in such an amount of compensatory and punitive damages as a jury deems reasonable, and may award, plus costs.

## COUNT FOUR - CONSPIRACY

25.   Plaintiffs reallege all prior paragraphs of the Complaint as if set out here in full.

26.   Defendants have contrived, combined, federated and conspired amongst themselves to do the acts hereinabove described which have caused injury and damage to Plaintiff.

27.   As a proximate consequence of said conspiracy, Plaintiff has been injured and damaged as set forth above.

WHEREFORE, Plaintiff demands judgment against Defendants in such an amount of compensatory and punitive damages as a jury deems reasonable, and may award, plus costs.

JERE L. BEASLEY (BEA020)
W. DANIEL "DEE" MILES, III (MIL060)
CHRISTOPHER E. SANSPREE (SAN048)
Attorneys for Plaintiffs

**OF COUNSEL:**

**BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.**
Post Office Box 4160
Montgomery, Alabama 36103-4160
(334) 269-2343 Telephone
(334) 954-7555 Facsimile

## JURY DEMAND

PLAINTIFF RESPECTFULLY DEMANDS TRIAL BY JURY ON ALL ISSUES OF THIS CAUSE.

OF COUNSEL

5