UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JAG, L.L.C.,

    Plaintiff,

vs.

ALABAMA INSURANCE UNDERWRITING
ASSOCIATION; FIDELITY NATIONAL
PROPERTY AND CASUALTY INSURANCE
COMPANY; And Ficticious Defendants "A",
"B", and "C",

    Defendants.

CIVIL ACTION NO.:

## NOTICE OF REMOVAL

**COMES NOW** your petitioner, Defendant FIDELITY NATIONAL PROPERTY AND CASUALTY INSURANCE COMPANY ("FNPAC"), a Write-Your-Own ("WYO") Program carrier participating in the U.S. Government's National Flood Insurance Program ("NFIP"), pursuant to the National Flood Insurance Act of 1968, as amended (the "NFIA")(42 U.S.C. § 4001 *et seq.*), appearing herein in its "fiduciary"[1] capacity as the "fiscal agent of the United States,"[2] and respectfully petitions this Honorable Court to remove the above-styled case from the Circuit Court of Baldwin County, Alabama, case number CV-03-484, where the same has been filed, and as grounds therefore shows unto this Court as follows:

    1.    On or about December 6, 2004, Plaintiff filed a lawsuit entitled "*JAG, L.L.C. vs. Alabama Ins. Underwriting Assoc., et al.*," in the Circuit Court of Baldwin County, Alabama, civil action no. CV-04-1378. See Exhibit A hereto, a copy of said Complaint (and all pleadings served upon this Defendant to date).

---

[1]    44 C.F.R. §62.23(f).
[2]    42 U.S.C. §4071(a)(1); *Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir. 1998).



## FACTUAL ALLEGATIONS

2. Plaintiff alleges that its property located at 22862 Perdido Beach Boulevard, Orange Beach, Alabama, was insured under a flood insurance policy, bearing no. 01 7700575492 00, issued by FNPAC. (Ex. A, Complaint, ¶6).

3. Plaintiff alleges that on or about September 16, 2004, the Plaintiff's property was damaged by (wind and) flood as a result of Hurricane Ivan. (Ex. A, Complaint, ¶8).

4. Plaintiff alleges that on November 17, 2004, FNPAC issued a check in the amount of $12,417.12 for the damages caused by flood, but this Defendant has refused to pay any additional benefits under the insurance contract. (Ex. A, Complaint, ¶9).

5. Plaintiff alleges that FNPAC has breached the policy of insurance for failing to pay for "coverage consistent with the terms of their contractual agreement." (Ex. A, Complaint, ¶16). (Note - Plaintiff alleges that Defendant Alabama Insurance Underwriting Association ("AIUA") has likewise breached the contract of insurance for wind damages; however, as discussed below, this Removal is predicated only upon the *federal* claim for U.S. Treasury funds against FNPAC).

6. Plaintiff also alleges that FNPAC acted in bad faith by failing to pay and failing to investigate the loss. (Ex. A, Complaint, Counts Two and Three).

## THE CODIFIED STANDARD FLOOD INSURANCE POLICY

7. The insurance policy issued by FNPAC, policy no. 01 7700575492 00, is a Standard Flood Insurance Policy ("SFIP"), which is a codified federal

regulation found at 44 C.F.R. Part 61, Appendix A(2).

8. The SFIP is the only policy of flood insurance available in communities participating in the NFIP. *Garcia v. Omaha Prop. and Cas. Ins. Co.*, 933 F.Supp 1064, 1070 (S.D.Fla. 1995), *aff'd.* 95 F.3d 58 (11th Cir. 1995). (Note - There are three versions of the SFIP available: 44 C.F.R., Pt. 61, App. A(1) - the residential dwelling form; 44 C.F.R, Pt. 61, App. A(2) - the general property form (at issue at bar); and 44 C.F.R., Pt. 61, App. A(3) - the condominium form.)

9. The SFIP is incorporated into the Code of Federal Regulations by reference at 44 C.F.R. §61.13.

10. Further, FNPAC cannot waive, alter or amend any of the provisions of the SFIP. See 44 C.F.R. §61.13(d) and 44 C.F.R. Pt. 61, App. A(2), Art. VII(D).

11. Therefore, it is indisputable that the policy of flood insurance at issue, bearing policy number 01 7700575492 00, is the Standard Flood Insurance Policy codified at 44 C.F.R. Pt. 61, App. A(2).

## U.S. TREASURY FUNDS ARE AT STAKE

12. All claim payments made by a WYO carrier, such at FNPAC, under an SFIP are made out of a segregated account containing U.S. Treasury funds, as required by 44 C.F.R. Part 62, App. A, Art. III.

13. The U.S. Fifth Circuit has held that "payments made pursuant to that policy are 'a direct charge on the public treasury.'" *Gowland*, 143 F.3d at 955, citing to *In re Estate of Lee*, 812 F.2d 253, 256 (5th Cir.1987).

14. The U.S. Eleventh Circuit analyzed what funds are at stake in the NFIP with regard to claims for interest in *Newton v. Capital Assur. Co., Inc.*, 245 F.3d 1306 (11th Cir. 2001)(*on rehearing*). The court noted that "claim payments come out of FEMA's pocket regardless of how they are paid." *Id.* at 1311.

15. Thus, Plaintiff at bar is making a claim for U.S. Treasury funds under the SFIP issued to it by FNPAC.

## ORIGINAL EXCLUSIVE JURISDICTION

16. Upon disallowance of a flood claim, the insured may institute an action "in the United States district court for the district in which the insured property or the major part thereof shall have been situated, and original exclusive jurisdiction is hereby conferred upon such court to hear and determine such action without regard to the amount in controversy." 42 U.S.C. §4072.

17. The U.S. Third Circuit in *Van Holt v. Liberty Mut. Fire Ins. Co.*, 163 F.3d 161 (3rd Cir. 1998)(*on rehearing*) held that §4072 encompasses WYO carriers, such at FNPAC. "42 U.S.C. § 4072 grants the district court exclusive subject-matter jurisdiction in cases arising out of claims issued pursuant to Part B." *Id.* at 166. See also, *Flick v. Liberty Mut. Ins. Co.*, 205 F.3d 386, 309 fn.4 (9th Cir. 2000), *cert. denied*, 531 U.S. 927 (2000).

18. In *Hairston v. Travelers Cas. & Surety Co.*, 232 F3d. 1348, 1353 (11th Cir. 2000), the court took a circuitous route in holding that filing of a lawsuit in state court did not toll the statute of limitations. Although the court stated that it was leaving open the question of whether §4072 applied to WYO carriers such as Travelers (see fn.2), by holding that there was no concurrent

jurisdiction in state court as per §4072 in that case, it necessarily follows that §4072 extends to the WYO carrier.

19. In the present matter, FNPAC contends that §4072 applies to WYO carriers, and this Court has "original exclusive" subject-matter jurisdiction over this case.

## FEDERAL QUESTION JURISDICTION

20. Even if this Court does not agree that §4072 applies to FNPAC, this Court has jurisdiction based upon 28 U.S.C. §1331 - federal question.

21. As the SFIP is a codified federal regulation, the interpretation and coverages thereunder raise numerous federal questions. *Jamal v. Travelers*, 97 F.Supp.2d 800, 805 (S.D. Tex. 2000).

22. The U.S. Eleventh Circuit has squarely concluded that §1331 conveys jurisdiction over cases involving WYO carriers as part of the NFIP in both *Hairston* and *Newton*. 232 F.3d at 1350 and 245 F.3d at 1309, respectively. See also, *Battle v. Seibels Bruce Ins. Co., et al.*, 288 F.3d 596, 599 (4th Cir., 2002).

23. Accordingly, this Court has subject matter jurisdiction over the case at bar pursuant to 28 U.S.C. §1331.

## SEPARATE AND INDEPENDENT FEDERAL CLAIMS AGAINST FNPAC

24. Plaintiff's claims against FNPAC under the SFIP involve an obligation distinct and separate from the claims made against the Defendant, Alabama Insurance Underwriting Association. Plaintiff alleges that AIUA issued a policy of insurance, no. 18078-03, for the very same property, which provides

coverage for "damage caused to said property by wind, ... but excluded/excludes damage caused by flood." (¶5). Clearly, Plaintiff is stating separate claims as to FNPAC and AIUA.

25. As discussed above, the SFIP issued by FNPAC is governed by federal law and claims are paid with U.S. Treasury funds; whereas, the claims against the AIUA are governed by the state laws and would be paid with private funds. For the reasons discussed above and herein, Plaintiff's claims for flood damages under the SFIP issued by FNPAC raise federal questions that are separate and independent from all other claims made in this lawsuit. Therefore, consent to removal of all Defendants is not required. See *Henry v. Independent American Savings Assoc.*, 857 F.2d 995, 999 (5th Cir. 1998) and *Raulerson v. Auto Owners Insurance Company, et al.*, No. 99-0688-P-M (S.D. Ala. 12/28/1999)(The *Raulerson* Order is attached for the Court's convenience as Exhibit B).

26. As such, if the Court agrees that there is even one separate and independent claim as to FNPAC that states a federal question, then the consent of the other Defendants is unnecessary. As there are no federal claims set forth in the Complaint as to AIUA, its consent to this Removal is unnecessary.

## MISCELLANEOUS

27. Finally, there is the forum selection clause, but FNPAC is not suggesting that jurisdiction can be conveyed or created by contract. Plaintiff's SFIP, Article VII(R), states that "you must file suit in the United States District Court of the district in which the insured property was located at the time of the loss."

Plaintiff is aware of this provision of federal law as this paragraph is contained in every Flood Policy. Further, all persons are charged with the knowledge of federal law. *Fed. Crop Ins. Corp. v. Merrill*, 332 U.S. 380, 384-85 (1947).

### SUMMARY ON JURISDICTION

28. Based upon the above, FNPAC contends that this Court has jurisdiction over the case at bar pursuant to 42 U.S.C. §4072 (original exclusive), or at a very minimum as per 28 U.S.C. §1331 (federal question).

29. Accordingly, pursuant to 42 U.S.C. §4072 and 28 U.S.C. §1331, and by operation of 28 U.S.C. §1441 (a), (b) and (c), Defendant FNPAC now removes Case No. CV-04-1378, in the Circuit Court of Baldwin County, for the State of Alabama, on the grounds that this Court has "original exclusive" jurisdiction over this case pursuant to 42 U.S.C. §4072, because there are multiple federal questions presented on the face of the Plaintiff's lawsuit making the action removable pursuant to 28 U.S.C. §1331, and because the claims against Defendant FNPAC are separate and independent and based upon distinct federal obligations. This Court also has supplemental jurisdiction over any (if viable) state law based claims pursuant to 28 U.S.C. §1367.

### VENUE

30. Venue is proper in this district because the United States District Court for the Southern District of Alabama encompasses the property at issue. 28 U.S.C. §1391(b).

## SUMMONS AND SERVICE

31. Summons was issued on December 8, 2004. (Exhibit A). This lawsuit was served upon Defendant FNPAC by certified U.S. mail, dated December 13, 2004, which was received by the FNPAC on December 14, 2004. (Exhibit A).

32. This Notice of Removal is "filed within the thirty days after receipt by the defendant," as required by 28 U.S.C. §1446(b), and it is therefore timely.

33. Pursuant to 28 U.S.C. §1446(a), attached hereto as Exhibit A is a copy of all processes, pleadings, and orders served upon the Defendant to date.

**WHEREFORE**, your petitioner prays that this Court will consider this Notice filed herewith and conditioned as provided by law governing removal of causes to this Court, that this Court will make the proper Orders to effect the removal of this cause from the Circuit Court of Baldwin County, to this Court, and such other and further Orders as may be deemed appropriate as to effect the preparation and filing of a true record in this cause of all proceedings that may have been had in said Circuit Court.

Respectfully submitted,

_____
CARROLL H. SULLIVAN (SULL8646)
Attorney for said Defendant

**OF COUNSEL:**
SCOTT, SULLIVAN, STREETMAN & FOX, P.C.
Post Office Box 1034
Mobile, Alabama 36633
Telephone: (251) 433-1346
Facsimile: (251) 433-1086
csullivan@scottsullivanlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 10th day of January 2005, served a copy of the foregoing upon all counsel of record listed below via U.S. mail:

Jere L. Beasley, Esq.
W. Daniel "Dee" Miles III, Esq.
Christopher E. Sanspree, Esq.
Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
Post Office Box 4160
Montgomery, Alabama 36103-4160

Alabama Insurance Underwriting Association
315 East Laurel Avenue, Suite 216-D
Foley, Alabama 36535

_____
OF COUNSEL